**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

|                          |     |                                    |
|--------------------------|-----|------------------------------------|
| STEVEN M. MEYER,         | :   | Civil Action No.: 2:18-cv-01040-LPL |
|                          | :   |                                    |
| Plaintiff                | :   |                                    |
|                          | :   |                                    |
| v.                       | :   |                                    |
|                          | :   |                                    |
| CACH, LLC, and J.A. CAMBECE LAW | :   |                              |
| OFFICE, P.C.,            | :   |                                    |
|                          | :   |                                    |
| Defendants               | :   |                                    |
|                          | :   |                                    |

## DEFENDANT CACH, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant CACH, LLC ("CACH") by and through its undersigned attorneys, Gordon & Rees LLP, hereby files its Answer and Affirmative Defenses to the Complaint of Steven M. Meyer ("Plaintiff"), respectfully responding as follows:

## INTRODUCTION

1.      Denied.  By way of further Answer, the allegations contained in Paragraph 1 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent a further response is required, CACH denies the allegations contained in Paragraph 1 of the Complaint.

2.      The allegations contained in Paragraph 2 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent a further response is required, CACH denies the allegations contained in Paragraph 2 of the Complaint.

3.      CACH admits that Plaintiff has filed a lawsuit against CACH and J.A. Cambece Law Office, P.C. ("Cambece").  CACH denies all of the remaining allegations contained in Paragraph 3 of the Complaint, including the allegation that Plaintiff is entitled to the damages he

seeks.

4.       The allegations contained in Paragraph 4 of the Complaint, including subparts (a) through (e), state conclusions of law to which no responsive pleading is required.  To the extent a further response is required, CACH denies the allegations contained in Paragraph 4 of the Complaint.  By way of further Answer, to the extent Paragraph 4 of the Complaint contains inferences of CACH's alleged violations of 15 U.S.C. § 1692, CACH denies that it engaged in any abusive, deceptive, or unfair practices in violation of the Fair Debt Collection Practices Act.

## JURISDICTION AND VENUE

5.       The allegations contained in Paragraph 5 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent a further response is required, CACH denies the allegations contained in Paragraph 5 of the Complaint.

6.       The allegations contained in Paragraph 6 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent a further response is required, CACH denies the allegations contained in Paragraph 6 of the Complaint.

## PARTIES

7.       CACH is without sufficient information and/or knowledge to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint.  As such, CACH denies the allegations contained in Paragraph 7 of the Complaint.

8.       The allegations contained in Paragraph 8 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent a further response is required, CACH denies the allegations contained in Paragraph 8 of the Complaint.

9.       CACH admits the allegations contained in Paragraph 9 of the Complaint.

10.      The allegations contained in Paragraph 10 of the Complaint state conclusions of

law to which no responsive pleading is required.  To the extent a further response is required, CACH denies the allegations contained in Paragraph 10 of the Complaint.

11.     CACH is without sufficient information and/or knowledge to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint.  As such, CACH denies the allegations contained in Paragraph 11 of the Complaint.

12.     The allegations contained in Paragraph 12 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent a further response is required, CACH denies the allegations contained in Paragraph 12 of the Complaint.

13.     CACH is without sufficient information and/or knowledge to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint.  As such, CACH denies the allegations contained in Paragraph 13 of the Complaint.

14.     The allegations contained in Paragraph 14 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent a further response is required, CACH denies the allegations contained in Paragraph 14 of the Complaint.

## STATEMENT OF CLAIM

15.     CACH is without sufficient information and/or knowledge to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint.  As such, CACH denies the allegations contained in Paragraph 15 of the Complaint.

16.     The allegations contained in Paragraph 16 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent a further response is required, CACH denies the allegations contained in Paragraph 16 of the Complaint.

17.     CACH admits the allegations contained in Paragraph 17 of the Complaint.

18.     Paragraph 18 of Plaintiff's Complaint appears to reference documents which

speak for themselves, and set forth their language, terms, and conditions.  Thus, reference should be made thereto for the precise language thereof.  To the extent the allegations in Paragraph 18 contain an inaccurate and/or incomplete representation of the documents, said allegations are denied.

19.     The Complaint filed in the MDJ Lawsuit is a written document that speaks for itself.  The MDJ Complaint sets forth its language, terms, and conditions and reference should be made thereto for the precise language thereof.  To the extent the allegations in Paragraph 19 contain an inaccurate and/or incomplete representation of the MDJ Complaint, said allegations are denied.

20.     Paragraph 20 of Plaintiff's Complaint appears to reference documents which speak for themselves, and set forth their language, terms, and conditions.  Thus, reference should be made thereto for the precise language thereof.  To the extent the allegations in Paragraph 20 contain an inaccurate and/or incomplete representation of the documents, said allegations are denied.

21.     Paragraph 21 of Plaintiff's Complaint appears to reference documents which speak for themselves, and set forth their language, terms, and conditions.  Thus, reference should be made thereto for the precise language thereof.  To the extent the allegations in Paragraph 21 contain an inaccurate and/or incomplete representation of the documents, said allegations are denied.

22.     Paragraph 22 of Plaintiff's Complaint appears to reference documents which speak for themselves, and set forth their language, terms, and conditions.  Thus, reference should be made thereto for the precise language thereof.  To the extent the allegations in Paragraph 22 contain an inaccurate and/or incomplete representation of the documents, said allegations are

denied.  By way of further Answer, the allegations contained in Paragraph 22 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent a further response is required, CACH denies the allegations contained in Paragraph 22 of the Complaint.

23.     Paragraph 23 of Plaintiff's Complaint appears to reference documents which speak for themselves, and set forth their language, terms, and conditions.  Thus, reference should be made thereto for the precise language thereof.  To the extent the allegations in Paragraph 23 contain an inaccurate and/or incomplete representation of the documents, said allegations are denied.

24.     CACH is without sufficient information and/or knowledge to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint.  As such, CACH denies the allegations contained in Paragraph 24 of the Complaint.

25.     CACH is without sufficient information and/or knowledge to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint.  As such, CACH denies the allegations contained in Paragraph 25 of the Complaint.

26.     Paragraph 26 of Plaintiff's Complaint appears to reference documents which speak for themselves, and set forth their language, terms, and conditions.  Thus, reference should be made thereto for the precise language thereof.  To the extent the allegations in Paragraph 26 contain an inaccurate and/or incomplete representation of the documents, said allegations are denied.  By way of further Answer, the allegations contained in Paragraph 26 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent a further response is required, CACH denies the allegations contained in Paragraph 26 of the Complaint.

27.     CACH is without sufficient information and/or knowledge to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint.  As such, CACH denies the

allegations contained in Paragraph 27 of the Complaint.

28.     CACH denies the allegations contained in Paragraph 28 of the Complaint.  By way of further Answer, the allegations contained in Paragraph 28 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent a further response is required, CACH denies the allegations contained in Paragraph 28 of the Complaint.

29.     CACH denies the allegations contained in Paragraph 29 of the Complaint.  By way of further Answer, the allegations contained in Paragraph 29 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent a further response is required, CACH denies the allegations contained in Paragraph 29 of the Complaint.

30.     CACH is without sufficient information and/or knowledge to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint.  As such, CACH denies the allegations contained in Paragraph 30 of the Complaint.  By way of further Answer, CACH denies the remaining allegations in Paragraph 30 of the Complaint.

31.     The allegations contained in Paragraph 31 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent a further response is required, CACH denies the allegations contained in Paragraph 31 of the Complaint.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(2)(A)

32.     CACH repeats the above Paragraphs of its Answer and Affirmative Defenses as if fully set forth herein.

33.     The allegations contained in Paragraph 33 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent a further response is required, CACH denies the allegations contained in Paragraph 33 of the Complaint.

**WHEREFORE**, CACH denies that Plaintiff is entitled to the relief sought, and

respectfully requests judgment in its favor dismissing Count I of the Complaint, judgment in its favor on each category of relief requested in the *ad damnum* clause in this Count, an award of its attorneys' fees and Court costs, and any other remedy the Court sees fit to impose.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies, CACH asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to constitute a cause of action against CACH relative to the content of the alleged communication(s) and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever, from CACH.

### THIRD AFFIRMATIVE DEFENSE

At all times relevant hereto, CACH acted in good faith and/or with good cause and has not violated any rights which may be secured to Plaintiff under any federal, state, city, or local laws, rules, regulations, codes, or guidelines.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against CACH are barred, in whole or in part, by the doctrines of waiver, unclean hands, laches, and estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint does not allege facts sufficient to rise to the level of conduct required to recover statutory damages under the FDCPA, and thus all requests for statutory damages thereunder are improper.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to show that CACH has breached any duty owed to Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred due to Plaintiff's failure to exhaust administrative remedies.

## NINTH AFFIRMATIVE DEFENSE

Any alleged damages sustained by Plaintiff was, at least in part, caused by the actions of Plaintiff and resulted from Plaintiff's own actions.

## TENTH AFFIRMATIVE DEFENSE

The damages claimed by Plaintiff could have been mitigated with due diligence or by one acting under similar circumstances.  Plaintiff's failure to mitigate is a bar, in whole or in part, to recovery.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing under Article III of the United States Constitution pursuant to the Decision of the Supreme Court of the United States in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1543 (2016).

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as against CACH by 15 U.S.C. § 1692k(c).

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's agreement with the original creditor contains an arbitration provision, CACH demands that this matter be stayed, and that Plaintiff pursue his individual claims against CACH in arbitration per the terms of the credit agreement.  Therefore, Plaintiff

lacks standing to bring this action in this forum.  CACH affirmatively asserts its right to compel individual arbitration of Plaintiff's claims.  Plaintiff should dismiss this action and proceed in arbitration against CACH.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint does not describe the alleged actions with sufficient particularity to permit CACH to ascertain what other defenses may exist at this time.  CACH therefore reserves its right to assert all defenses that may pertain to the Complaint as the facts of the case are discovered.

**WHEREFORE**, Defendant CACH, LLC demands judgment dismissing Plaintiff's Complaint against it, together with the costs, disbursements, and counsel fees incurred in the defense of this action, as well as such other and further and different relief as this Honorable Court may deem just, equitable and proper.

Dated: <u>August 14, 2018</u>                       Respectfully submitted,

GORDON & REES LLP

*/s/ Jessica G. Lucas*
Jessica G. Lucas, Esq., PA ID 311280
Gordon & Rees LLP
707 Grant Street, Suite 3800
Pittsburgh, PA 15219
(412) 577-7400 (phone)
(412) 347-5461 (fax)
jlucas@grsm.com
*Attorney for Defendant CACH, LLC*

## <u>CERTIFICATE OF SERVICE</u>

      I, Jessica G. Lucas, Esq., do hereby certify that I served a true and correct copy of Defendant CACH, LLC's Answer and Affirmative Defenses on this date via U.S. Mail and the Court's ECF system to the following:

Thomas N. Papadakos, Esq.
Moynihan Law, P.C.
2 Chatham Center, Suite 230
Pittsburgh, Pennsylvania 15219
*Attorneys for Steven M. Meyer*

J.A. Cambece Law Office, P.C.
200 Cummings Center, Suite 173D
Beverly, Massachusetts 01915

Date: August 14, 2018                                       */s/ Jessica G. Lucas*
                                                          Jessica G. Lucas, Esq.